**Jacob POWELL, Plaintiff-Appellant,**

**v.**

**Detective Sylvester JARVIS and Mary Gamble, Defendants-Appellees.**

**No. 483, Docket 71-1948.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 2, 1972.

Decided May 26, 1972.

Jacob Powell, Auburn, N. Y., pro se.

Irving Genn, New York City (J. Lee Rankin, Corp. Counsel, New York City, Jay A. Kranis, Jay Furman, New York City, on the brief), for appellee Jarvis.

Kalman Finkel, New York City (Michael D. Hampden, Paul L. Klein, Legal Aid Society, New York City, on the brief), for appellee Gamble.

Before HAYS and OAKES, Circuit Judges, and CLARIE, District Judge.*

HAYS, Circuit Judge:

Jacob Powell appeals from an order of the United States District Court for the Southern District of New York dismissing his complaint for damages and injunctive relief under the civil rights statutes, 42 U.S.C. § 1981 et seq. (1970). We affirm.

Powell's complaint arises from the circumstances surrounding his arrest and conviction for manslaughter in the Supreme Court of New York, Bronx County. An appeal from this conviction is pending in the state courts. Powell alleges that on December 17, 1968, in the course of investigating a murder committed December 13, 1968, Detectives Jarvis and Barrett[1] of the New York Police Department forcefully detained him and interrogated him, and commanded him to call them if he heard anything about the murder, threatening him with imprisonment if he failed to comply. Powell reported to Jarvis the next day, December 18, that he had no information. No incriminating statements or other evidence against Powell resulted from these activities. Sometime during February, 1969, defendant Gamble[2] apparently identified Powell as one of the murderers by choosing his picture from among several shown her. Powell claims that this identification was suggestive; however the core of his claim against Miss Gamble is that in testifying against him before the grand jury that indicted him, and at the trial at which he was convicted, she was committing perjury in furtherance of a conspiracy to deprive him of his freedom.

Detective Jarvis is alleged to have "signed a false affidavit Feb. 18, 1969," "committed an assault upon the Plaintiff," "committed an abduction on the Plaintiff," and "conspired [with Miss Gamble] from the very beginning to deprive Plaintiff of his civil and constitutional rights." The nature of the allegedly false affidavit nowhere appears; the "assault" and "abduction" presumably refer to Powell's temporary detention described above. The complaint sought damages and an injunction against the further prosecution of the indictment against him. Powell is presently serving his sentence.

Miss Gamble answered the complaint, denying the material allegations that applied to her, and Jarvis moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The district judge dismissed the complaint as to both defendants and, construing the request for injunctive relief as a habeas corpus petition, denied it "for failure to exhaust state remedies as well as for failure to present a federal constitutional claim."

Powell's handwritten complaint, which contains much conclusory and extraneous material, invokes, inter alia, 42 U.S.C. §§ 1981–83 and 1985–87 (1970) in support of his claim. At the outset it is clear that Powell is entitled to no injunctive relief. The defendants are not his custodians, and are not taking any

---

1. Detective Barrett was named as a defendant in this action, but he was not served with process.

2. Miss Gamble's name is erroneously spelled "Geamble" in the complaint.

action against him nor threatening to take such action.

 Powell's claims for damages under the civil rights statutes were also properly dismissed. The complaint is a hodgepodge of vague and conclusory allegations. No facts are presented which would be sufficient to support his claims. Complaints relying upon 42 U. S.C. 1981 et seq. are plainly insufficient unless they contain at least some allegations of facts indicating a deprivation of civil rights. See Birnbaum v. Trussell, 347 F.2d 86, 89–90 (2d Cir. 1965); Powell v. Workmen's Compensation Board, 327 F.2d 131, 136 (2d Cir. 1964).

As to Miss Gamble, the claim under Section 1983 must also fail. It is quite clear that Miss Gamble's testimony for the prosecution was not given under color of state law. As this court said in Jobson v. Henne, 355 F.2d 129, 133 (2d Cir. 1966), the color of law requirement "can rarely be satisfied in the case of anyone other than a state official." While it is true that Miss Gamble might be liable if she were a "willful participant in joint activity with the State or its agents," United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L. Ed.2d 267 (1966) (footnote omitted), appellant's wholly conclusory allegation that defendants conspired to have Miss Gamble perjure herself does not adequately show such "joint activity."

Powell's allegations of perjury find no support in the record. Presumably he offered whatever proof of perjury he had at his trial. He does not now allege that there is newly-discovered evidence. See Blackmon v. Wagener, 253 F.2d 10, 11 (6th Cir.), cert. denied, 357 U.S. 941, 78 S.Ct. 1390, 2 L.Ed.2d 1554 (1958).

Powell's allegations against Jarvis of "assault" and "abduction" are much too vague and unparticularized to state a constitutional claim. Although Powell is apparently referring to his arrest and detention he does not allege the use of excessive or unreasonable force, or any other aggravated circumstances, that are necessary to support such a claim against policemen under the civil rights statutes. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Collum v. Butler, 421 F.2d 1257 (7th Cir. 1970); Morgan v. Labiak, 368 F.2d 338 (10th Cir. 1966); Jackson v. Duke, 259 F.2d 3 (5th Cir. 1958).

The order of the district court dismissing the complaint is affirmed.