**Charles HOWARD, Plaintiff,**

v.

**Edward KOCH, et al., Defendants.**

**No. CV–81–1466.**

United States District Court,
E.D. New York.

Jan. 11, 1982.

Charles Howard, pro se.

Allen G. Schwartz, Asst. Corp. Counsel, New York City, for defendants.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

This is a *pro se* action filed by the plaintiff Charles Howard ("Howard") seeking various forms of relief, including among other things, release from custody and monetary damages. The defendants have made motions to dismiss under Fed.R. Civ.P. 12(b)(1) & (6). For reasons set forth below, the motions are granted in part and denied in part. But, the complaint in any event is dismissed in all respects.

## BACKGROUND

The defendants in this action include the Mayor of the City of New York, the District Attorneys of Kings and Queens counties, four Assistant District Attorneys in Kings County, and seven New York City police detectives and sergeants. In the complaint they are accused under 42 U.S.C. § 1983 of conspiring to deny the plaintiff, Charles Howard, of rights guaranteed to him by the United States Constitution— namely, the Fourth Amendment prohibition against illegal search and seizure. In a subsequent affidavit, the plaintiff Howard has added both due process and equal protection claims.

Plaintiff's claims relate to a sequence of events starting in July of 1979 and including Mr. Howard's arrest, Grand Jury indictments, trial and incarceration. The complaint describes three criminal charges made against the plaintiff concerning the hijackings of gasoline and liquor trucks. The plaintiff was first arrested at his home

in Brooklyn on July 19, 1979, and subsequently released. He was again arrested on January 22, 1980, indicted by the Kings County Grand Jury on April 18, 1980 for a truck hijacking which took place on December 21, 1979, tried on this charge, and convicted. He was thereafter indicted by a Queens County Grand Jury on September 22, 1980, for a truck hijacking which took place on December 17, 1979. Howard is currently incarcerated and awaiting sentencing in Kings County and trial in Queens County.

The plaintiff is alleging that in the course of these arrests and their aftermath, he was systematically denied of his constitutionally-protected rights. The Mayor and two District Attorneys are not specifically charged with any wrongdoing, but presumably are named in the suit under the theory of *respondeat superior.* One Assistant District Attorney, Larry Hartstein, is named in the complaint although no specific allegations are made against him. The remaining three Assistant District Attorneys and the various police officers all had some direct involvement in the handling of the plaintiff's case.

## STANDING

The allegations of the plaintiff Howard in regard to police action toward his girlfriend and/or her children are easily dismissed. The issue is one of standing, as it goes to justiciability. Judicial power, as defined in Article III of the United States Constitution, extends only to the actual parties in controversy. Therefore, standing is a threshold which must be met before the court can proceed to judge the merits of the case. *Warth v. Seldin,* 422 U.S. 490, 498–9, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975).

This court is therefore without authority to decide the merits of the allegations concerning police conduct towards Mr. Howard's girlfriend and/or her children. There must be a direct, personal relationship between the party seeking relief, and the parties to the action for which that relief is sought. *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d

663 (1962). It is possible for a plaintiff to allege a course of conduct which was harmful to a *class* of possible plaintiffs, of which he is a member. *U.S. v. SCRAP*, 412 U.S. 669, 687–8, 93 S.Ct. 2405, 2415–16, 37 L.Ed.2d 254 (1973). But that is not the case before the court.

Thus, all allegations concerning police conduct toward anyone other than Howard himself, are hereby dismissed.

## HABEAS CORPUS

 In Howard's request for relief, he has included a demand that he be immediately released from custody. Without discussing the merits of this request, it is clearly not cognizable under Section 1983 and thus the court must dismiss for lack of jurisdiction that portion of the complaint which asks for Howard's immediate release. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court noted that

> when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500, 93 S.Ct. at 1841.

Since Howard instituted this Section 1983 in part to compel his release from custody, it goes to the very fact of his confinement and is thus equivalent to a habeas corpus petition. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Preiser v. Rodriguez, supra.*

Inasmuch as a portion of this is a habeas corpus petition because Howard's attack is upon the fact of his confinement, Howard must exhaust his state remedies before a federal district court can consider the issues herein on a writ of habeas corpus. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Albuquerque v. Bara*, 628 F.2d 767 (2d Cir.1980); *Johnson v. Metz*, 609 F.2d 1052 (2d Cir.1979); *Wilson v. Fogg*, 571 F.2d 91 (2d Cir.1978); *see Wolff v. McDonnell, supra; Preiser v. Rodriguez, supra.* From the record, it is apparent that Howard has not yet been sentenced on the conviction in Kings County Supreme Court and is awaiting trial in Queens County. Thus, he has the panoply of appellate remedies still to pursue. Accordingly, the court must dismiss for lack of jurisdiction any portion of the pleadings which requests Howard's immediate release.

## STATUTE OF LIMITATIONS IN SECTION 1983 ACTIONS

The defendants have moved to dismiss on the basis of the statute of limitations. While the court refuses to dismiss the complaint on this ground alone, the court for obvious reasons feels compelled to discuss the questions involved.

 The confusion surrounding the statute of limitations in proceedings under 42 U.S.C. § 1983 prompts further discussion. Because the statute's language fails to stipulate the time within which suit may be brought, 42 U.S.C. § 1988 requires that state law be applied. *See also Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). The Second Circuit has addressed this issue most recently in *Pauk v. Board of Trustees of the City University of New York*, 654 F.2d 856 (2d Cir.1981). The court in their discussion focuses on the twin goals of a statute of limitations in keeping with federal remedial purposes in enacting § 1983, and of statewide consistency. Although there exists some state court endorsement for the one-year-and-ninety-day period of §§ 50–i and 50–k(6) of the New York General Municipal Law (McKinney 1979) (*Staffen v. City of Rochester*, 80 App.Div.2d 16, 437 N.Y.S.2d 821 (4th Dep't 1981)), the federal courts are not bound by their preference. The court in *Pauk* found the state law claim under N.Y.Civ. Prac.Law & R. § 214(2) the most appropriate analogy to a claim under § 1983. Section 214(2) applies to claims based on statute (as opposed to common or case law), and since a § 1983 claim depends on the Constitution, it is a closer analogy by far than any comparable tort-related statute of limitations.

Therefore, the defendant's reliance on § 50–k(6) of the General Municipal Law is misplaced. For purposes of litigating claims under 42 U.S.C. § 1983, this court will be bound by the three-year statute of limitations provided in N.Y.C.P.L.R. § 214(2), as stipulated by *Pauk.* *See Taylor v. Mayone,* 626 F.2d 247 (2d Cir.1980).

## MUNICIPAL EMPLOYEES' LIABILITY

■ To answer the question of municipal employees' liability in a § 1983 suit, the court must be guided by the Supreme Court's decision in *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Monell* reversed the earlier holding of *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), which held municipalities and their employees immune from § 1983 prosecution. However, *Monell* does not extend free reign to plaintiffs seeking damages under § 1983. To prevail, the plaintiff must allege that the action which is the subject of his complaint is in keeping with the municipality's official policy or custom. In addition, the local government may not be held to vicarious liability for the action of its employees (*respondeat superior*).

The plaintiff's complaint contains no allegation which would subject Mayor Koch and District Attorneys Gold and Santucci to personal liability. The plaintiff's allegations of intentional conduct, policy, and conspiracy to deprive him of his rights merely amass inferences to an unsupported conclusion, and at best attempt to impose liability upon defendants Koch, Santucci, and Gold on a *respondeat superior* theory. It is well settled, however, that "[t]he doctrine of *respondeat superior* is unavailable as a basis for imposing liability under § 1983; there must be some showing of *personal responsibility*." *Duchesne v. Sugarman,* 566 F.2d 817, 830 (2d Cir.1977) (emphasis in original), *quoted in Taylor v. Mayone, supra,* 626 F.2d at 250 n. 2. *See Monell v. Department of Social Services, supra; Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976)); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *Johnson v. Glick,* 481 F.2d 1028 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). In light of Howard's failure to allege that Koch, Santucci, or Gold was personally involved in the alleged wrongs, plaintiffs claims against these defendants must be dismissed.

■ The liability of the Assistant District Attorneys charged in the complaint are clearly barred by prosecutional immunity. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Fine v. City of New York,* 529 F.2d 70 (2d Cir. 1975). A prosecutor acting as an advocate in a criminal procedure is immune from liability, and charges against him must be dismissed if he was acting within his official capacity. The policy behind this is to prevent the inhibition of judicial proceedings. Nothing in the plaintiff's complaint persuades this court that the Assistant District Attorneys were acting outside of their official prosecutorial duties, or in violation of this policy. Accordingly, the claims against the Assistant District Attorneys are dismissed. *See Imbler v. Pachtman, supra; Taylor v. Kavanagh,* 640 F.2d 450 (2d Cir.1981); *Lee v. Willins,* 617 F.2d 320 (2d Cir.), *cert. denied,* 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980); *Cerbone v. County of Westchester,* 508 F.Supp. 780 (S.D.N.Y.1981).

## FOURTH AMENDMENT CLAIMS

■ The balance of plaintiff's complaint makes broad accusations against police officers of the City of New York, seeking relief under 42 U.S.C. § 1983. The purpose of this statute, however, was "to interpose the federal courts between the states and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law, ..." *Mitchum v. Foster,* 407 U.S. 225, 242, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972). But to prevent the proliferation of vague and wholesale allegations, encouraging the redress of imagined wrongs, the Second Circuit has long endorsed a requirement of specificity in en-

tertaining such complaints. *Powell v. Jarvis*, 460 F.2d 551 (2d Cir.1972). *See also Koch v. Yunich*, 533 F.2d 80 (2d Cir.1976). In *Powell*, a *pro se* plaintiff accused a detective, responsible for his arrest and conviction for manslaughter, of conspiracy to deny him his freedom and Constitutional rights. In affirming the District Court's dismissal of the complaint, the Circuit Court described it as a "hodgepodge of vague and conclusory allegations." *Powell v. Jarvis, supra*, 460 F.2d at 553.

■ No choice of words could better describe the complaint before the court today. Even if all the plaintiff's allegations are true, he fails on the face of the complaint to state a cause of action as required by the Federal Rules of Civil Procedure. Such actions on the part of the police and District Attorney's office as an arrest based on information provided by an informant, or the prosecution at trial of a duly-indicted criminal defendant, describe no more than the carrying out of their lawful duties. The plaintiff's expectation that *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) endorses his complaint and insures it against dismissal is mistaken. If that were the ruling of *Haines*, any *pro se* plaintiff could come forward with a set of equivocal allegations, and compel the defendant to undergo the expense and ordeal of a full trial. This is not the aim of Fed.R.Civ.P. 8, which is designed to protect defendants from undefined charges, and to keep the federal courts free of frivolous suits.

■ Nonetheless, the court for procedural reasons chooses not to dismiss the complaint on the merits, but dismisses the complaint without prejudice on abstention grounds. As noted, Howard has not yet been sentenced on the Kings County conviction, and is still awaiting trial in Queens County. Were this court to allow this action to proceed, it would clearly be violating a basic tenet of federalism which bars federal involvement or interference in pending state court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In this case any Fourth Amendment violations could bear directly on the constitutionality of the state court convictions. Accordingly, considerations of comity compel this court to dismiss Howard's complaint without prejudice as any action that could be taken could call into question the validity of the state court conviction. *See Matos v. Quealy*, 524 F.Supp. 15 (S.D.N.Y.1981); *see also Parkhurst v. State of Wyoming*, 641 F.2d 775 (10th Cir.1981).

While the court is mindful that a party need not exhaust state remedies before litigating a section 1983 action before the federal court, *Monroe v. Pape, supra*, 365 U.S. at 183, 81 S.Ct. at 482, the use of the abstention grounds as set forth in *Younger v. Harris, supra*, are of paramount importance in cases such as this. Primarily, the concept of federalism is as noted preserved. Moreover, on a more practical level, any resolution of the Fourth Amendment claims by the state court could avoid duplicitous litigation before this court because a determination either against or for Mr. Howard could bar further litigation on collateral estoppel or *res judicata* grounds in future habeas corpus petitions, *see Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and in section 1983 actions. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

As for any fear that as a result of this dismissal Howard's section 1983 claims could be time-barred by the time the state court actions have been concluded, the court dismisses the complaint without prejudice and tolls the statute of limitations during the pendency of the state court actions. Although some courts have been reluctant to follow this path, *see Leigh v. McGuire*, 507 F.Supp. 458 (S.D.N.Y.1981), the court does have the power "to toll statutes of limitation borrowed from state law in appropriate circumstances." *Meyer v. Frank*, 550 F.2d 726, 729 (2d Cir.), *cert. denied*, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977). This court concludes that these are clearly appropriate circumstances for imposing a toll as it will not in

any event prejudice the defendants, and it will allow the state criminal proceedings to run their course.

Accordingly, the causes of action against defendants Koch, Santucci, Gold, Gilbride, Staffa, Cserhalmi, and Hartstein are dismissed on the merits. As for defendants Skeete, Monahan, Miles, McEwan, Lee, Ryan, and Cunningham, the causes of action are dismissed without prejudice on abstention grounds.

So Ordered.