**Alphonso SAMUELS, Plaintiff,**

v.

**DEPARTMENT OF CORRECTION, N. Y. C. and Deputy Warden Michael Cantwell, Defendants.**

**No. 81 Civ. 0897.**

United States District Court,
E. D. New York.

June 21, 1982.

Alphonso Samuels, Pro Se.

Robert Abrams, Atty. Gen., Allen G. Schwartz, Corp. Counsel, New York City, for defendants.

### MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff, appearing *pro se,* is an inmate who was housed in the Queens House of Detention ("QHD"). Defendants are New York City's Department of Corrections, which operates the QHD, and Michael Cantwell, deputy warden of the facility at the time the complaint was filed. Plaintiff alleges that, during his incarceration as a pretrial detainee at the QHD, he was (1) refused an escorted visit to which he was entitled and (2) was ridiculed and harassed by Mr. Cantwell.

The plaintiff asserts that, while incarcerated, he submitted a request to defendant Cantwell through a floor officer for visitation rights to see his hospitalized wife. While his request was pending, his newborn twin children died, and a wake was held. He requested to attend the wake. Defendants failed to act either on his request to visit his wife or to attend his children's wake.

Thereafter, defendants removed the plaintiff from protective custody to the general population, where he alleges that he became the object of Mr. Cantwell's jokes. He claims that these actions were conducted as part of a cruel and racist policy in order to inflict emotional distress. He alleges that these acts violated his civil rights under the Eighth and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983. Plaintiff seeks compensatory damages in an unspecified amount for the extreme paranoia, depression, and nervousness that resulted from defendants' acts. Defendants have made a motion for judgment on the pleadings.

### DISCUSSION

Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, creates a cause of action against any person who acts under color of state authority to deprive rights, privileges, or immunities protected by the United States Constitution or by federal law. In order to recover, therefore, a claimant must prove two elements: first, that the defendant has deprived him of a right secured by the Constitution or laws of the United States, and second, that the defendant acted under color of law. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). While there may indeed have been a wrong to the claimant, allegations of tortious conduct are insufficient to sustain a section 1983 violation—the wrong must be of a federally protected right. *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979).

1. *Claims Against Cantwell.*

■ With respect to the Eighth Amendment claim against Mr. Cantwell, I find that plaintiff fails to state a cause of action. While Mr. Cantwell, as Deputy Warden of QHD, was undoubtedly acting under color of his authority as a New York City correctional official, there is insufficient evidence to meet the first part of the Supreme Court's two-tiered test. The intentional infliction of emotional distress and the failure to meet what is characterized as a generally accepted standard of decency and morality, are not actionable wrongs under federal law or the Constitution. Attaching constitutional labels such as "cruel and unusual punishment" or asserting unsupported allegations of racism will not turn these tort claims into federal causes of action. *See Powell v. Jarvis,* 460 F.2d 551, 553 (2d Cir. 1972); *Morpurgo v. Board of Higher Education in the City of New York,* 423 F.Supp. 704, 711 (S.D.N.Y.1976). I find that defendant Cantwell's conduct, while certainly lamentable if true, does not "shock the conscience," as required to assert an Eighth Amendment claim in this circuit. *Arroyo v. Schaefer,* 548 F.2d 47, 49 (2d Cir. 1977). The conduct charged to the defendant is at best a tortious act not remediable under § 1983. *See, e.g., Paul v. Davis,* 424 U.S. 693, 701–02, 96 S.Ct. 1155, 1160–1161, 47 L.Ed.2d 405 (1976).

Similarly, by alleging denial of visitation rights, the complaint fails to establish grounds upon which a Fourteenth Amendment deprivation of due process claim against Cantwell may be established. Once a person has been properly confined pending trial, his constitutional right to liberty is necessarily restricted because, after all, . . . the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility.

*Bell v. Wolfish,* 441 U.S. 520, 537, 99 S.Ct. 1861, 1873, 60 L.Ed.2d 447 (1979). Furthermore, a pre-trial detainee has no greater right to free movement than does a convicted criminal. *Id.* at 532–34, 99 S.Ct. at 1870–1871. It is clear, then, that establishing the criteria for releasing a prisoner to visit sick relatives is within the discretion of State authorities, and does not implicate constitutional issues. Indeed, the City of New York has established guidelines for such escorted visits (New York City, N. Y., Dep't of Correction Directive Classification No. 4012 (Apr. 1, 1979 and revision, July 1, 1979)), and if Mr. Cantwell violated these rules in denying or ignoring plaintiff's request, the remedy, again, must be sought under state law. The right violated is secured under municipal, not federal, law and, so, is not protected by § 1983 of the Civil Rights Act.

2. *Claims Against the City.*

■ Section 1983 requires that, to bring a claim against a municipality, a plaintiff must show that his rights were violated in pursuit of a policy or law officially adopted and promulgated by officers of the municipality, or pursuant to government custom. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–2036, 56 L.Ed.2d 611 (1978). Here, there is no evidence to support any allegation that the City was following official policy when the plaintiff's request for visitation was denied. Quite the contrary, official policy is to allow such visits. N.Y.C. Directive, *supra* page 255. Moreover, if an agent of the City wrongfully denied a right to which the plaintiff was entitled under municipal law, the City cannot be held responsible for a breach of § 1983 under a *respondeat superior* theory. *Monell v. Dept. of Social Services,* 436 U.S. at 691, 98 S.Ct. at 2036.

Accordingly, I must grant defendants' motion for judgment on the pleadings, pursuant to F.R.C.P. 12(c) and 12(h)(2) on the ground that the plaintiff fails to state a claim upon which relief may be granted under § 1983.

SO ORDERED.