**Juvenal COLON, Plaintiff,**

v.

**James E. SULLIVAN, Strack, and McGinnis, Defendants.**

**No. 86 Civ. 7655 (JES).**

United States District Court, S.D. New York.

March 15, 1988.

Roberts Abrams, Atty. Gen., State of N.Y., New York City (Thomas P. Dorsey, Robert L. Schonfeld, Asst. Attys. Gen. of counsel), for defendants.

Juvenal Colon, pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

*Pro Se* prisoner Juvenal Colon brings this action pursuant to 42 U.S.C. § 1983 (1982). Plaintiff alleges that while incarcerated at the Sing Sing Correctional Facility, he was wrongfully denied permission to attend his grandmother's funeral. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R. Civ.P. 12(b)(6). Plaintiff has not responded to the motion.

Plaintiff alleges that after being informed that his grandmother had died, he sought permission to attend her funeral. *See* Complaint at 3–4. Although the grandmother's name was on an approved correspondence and visiting list, the list was not located before the funeral. An internal grievance investigator found that plaintiff was denied permission to attend because of the failure to find the list and the short time involved. The investigator further found that the list was not available because of a breakdown in the procedure on transfer between correctional facilities. *See* Inmate Grievance Committee Investigation Report, attached to Complaint at 8–9.

In order to recover under section 1983, a plaintiff must allege that the defendants deprived him of a federal right and that they acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 638, 100 S.Ct. 1920, 1922–23, 64 L.Ed.2d 572 (1980). Here, plaintiff has not met that burden. Denying a prisoner permission to attend the funeral of a relative does not involve the denial of a liberty interest protected by the Constitution. *See Hicks v. New York State Department of Corrections*, No. CV–84–3497, slip op. at 5–6 (E.D. N.Y. Nov. 30, 1984) (Altimari, J.); *Woodson v. Malcolm*, No. 78 Civ. 1383 (CBM), slip op. (S.D.N.Y. Aug. 9, 1980) (Motley, J.). In addition, plaintiff has made no allegation of intentional wrongful conduct. Therefore, even assuming that the actions of defendants were negligent, the complaint must be dismissed because there can be no recovery under section 1983 on the basis of negligence. *See Daniels v. Williams*, 474 U.S. 327, 335–36, 106 S.Ct. 662, 667–68, 88 L.Ed.2d 662 (1986).

For the reasons stated above, defendants' motion to dismiss is granted and the complaint is dismissed.

It is SO ORDERED.