### Carlos CRUZ, Plaintiff,

v.

### Commissioner Allyn R. SIELAFF, Warden Andrew Phoenix (H.D.M) Rikers Is. Social Service Employee Richard Gorbea, Defendants.

### No. 91 Civ. 1115.

United States District Court,
S.D. New York.

July 2, 1991.

---

Carlos Cruz, pro se.

Victor A. Kovner, Corp. Counsel of City of New York by Mindy R. Koenig, Asst. Corp. Counsel, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of the complaint for failure to state a claim upon which relief may be granted. Plaintiff Carlos Cruz ("Cruz"), an inmate at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983 (1982) on the ground that defendants violated his constitutional rights by refusing to allow him to attend his uncle's funeral. Cruz sues for fifteen million dollars in damages.

## I. FACTS

Defendants are Allyn Sielaff, Commissioner of the New York City Department of Corrections (the "Commissioner"), Andrew Phoenix, Warden at Rikers Island (the "Warden"), and Richard Gorbea, a social service employee at Rikers Island ("Gorbea").

The allegations set forth in the complaint are as follows. On October 10, 1990, at Rikers Island where plaintiff is incarcerated, defendant Gorbea, and another officer at Rikers Island, Bailey, who is not a defendant, informed Cruz that a family tragedy had occurred. Bailey and Gorbea allowed Cruz to call his family members, including Cruz's aunt, Ada Garcia, who informed Cruz that his uncle, Freddie Garcia, had passed away. Ada Garcia then asked to speak to Gorbea. Cruz heard Gorbea say to her that he and the City of New York did not permit inmates to go to funerals. After the phone call, Gorbea told Cruz that he was sorry but that was all he could do within the powers of his office. Cruz alleges that this latter statement was untrue (a municipal directive permits inmates to attend some funerals) and that Gorbea unlawfully deprived him of his chance to attend his uncle's funeral.

## II. DISCUSSION

■ "[O]n a 12(b)(6) motion, the complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Bass v. Jackson* 790 F.2d 260, 262 (2d Cir.1986), quoting *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" for the purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). *See also Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980); *Elliott v. Bronson*, 872 F.2d 20, 21 (2d Cir.1989). A *pro se* complaint is to be liberally read when it implicates vindication of civil rights or civil liberty. *Nilsson v.*

*Coughlin,* 670 F.Supp. 1186, 1188 (S.D.N.Y.1987). Accordingly, the issue is whether the complaint may be read to state a claim under 42 U.S.C. § 1983, assuming *arguendo* that Cruz's allegations are true.

■ To plead a cause of action under 42 U.S.C. § 1983, Cruz must set forth facts showing that defendants (1) deprived him of a right, privilege, or immunity as secured by federal or constitutional law, *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979), and (2) did so either intentionally or with deliberate indifference. *Morales v. New York State Dep't of Corrections*, 842 F.2d 27, 30 (2d Cir.1988) (interpreting 42 U.S.C. § 1983).

Cruz alleges that Gorbea intentionally lied to him, and that he was thereby deprived of his "chance of saying farewell" to his uncle. Cruz also alleges deliberate indifference on the part of Gorbea. The complaint fails to make clear in what way Gorbea's actions, or any harm arising from them, would constitute a violation of either federal or constitutional law. The complaint does not mention the Commissioner or the Warden in any way.

■ Cruz's complaint is apparently based on a municipal directive which permits the New York City Department of Corrections to allow inmates to attend the funerals of certain relatives. (*See* New York City, N.Y., Dept. of Correction Directive Classification No. 4012, (Apr. 1, 1979 and revision, July 1, 1979) annexed to Memorandum in Support of Defendants' Motion to Dismiss as Appendix D). Violation of a state or local law, however, is not in itself sufficient to constitute a violation under 42 U.S.C. § 1983. In *Samuels v. Dep't of Corrections*, 548 F.Supp. 253, 255 (E.D.N.Y.1982), the court found that when, during his incarceration as a pretrial detainee, Samuels was not allowed to visit his sick wife or attend his children's wake, "[t]he right violated [was] secured under municipal, not federal, law and so, not protected by § 1983 of the Civil Rights Act." The *Samuels* court granted defendants' motion for judgment on the pleadings pur-

suant to Fed.R.Civ.P. 12(c) and 12(h)(2). *Id.* at 255.

■■■ A prisoner's rights are only protected in a Section 1983 action if they are "protected liberty interests" within the meaning of the Constitution. *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986). A prison inmate may "not be deprived of a protected liberty interest without due process of law." *Id.* Attending the funeral of one's relative is not a fundamental right protected by the Constitution or federal law. *Colon v. Sullivan,* 681 F.Supp. 222, 223 (S.D.N.Y.1988) (case dismissed under Fed.R.Civ.P. 12(b)(6) because denying inmate permission to attend grandmother's funeral did not deny a liberty interest protected by Constitution). Accordingly, Cruz, an inmate at the time of the alleged violation, does not have a federal right recognizable under 42 U.S.C. § 1983 to attend a funeral.

■■ A state may confer rights on prisoners which are "enforceable liberty interests in the prison setting." *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 461, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989). If a state or local directive is to be viewed as creating a protected liberty interest in the prison context, it must use "explicitly mandatory language," *Kentucky Dep't of Corrections,* 490 U.S. at 463, 109 S.Ct. at 867 (quoting *Hewitt v. Helms,* 459 U.S. 460, 472, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983)), in "placing substantive limitations on official discretion." *Id.,* 490 U.S. at 462, 109 S.Ct. at 866–67 (quoting *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983)). I.e., the directive must require "that a particular result is to be reached upon a finding that the substantive predicates are met." *Kentucky Dep't of Corrections,*

490 U.S. at 463, 109 S.Ct. at 867. In plaintiff's case, the municipal directive does not contain such substantive limitations. The City of New York provides a list of relatives whose funerals inmates shall be allowed to attend, and "uncles" are not included in this list.

> An inmate shall be permitted to attend either the funeral or the viewing within the City of New York of deceased parents, parents-in-law, grandparents, brothers, sisters, guardians and former guardians, children, grandchildren, stepchildren, spouses, including common law spouse and, *at the discretion of the Commissioner, or a designee, other people with whom the inmate has a significant relationship.*

(New York City, N.Y., Dept. of Correction Directive Classification No. 4012 at 1–2 (Apr. 1, 1979 and revision, July 1, 1979)) (emphasis added). See *Samuels v. Dep't Correction, N.Y.C., supra,* 548 F.Supp. at 255.

Instead, an uncle may be treated as one of the "other people with whom the inmate has had a significant relationship," and attendance at an uncle's funeral is only granted at the *discretion* of the Commissioner or his designee. *Id.* at 2. The New York directive places no substantive limitations on the Commissioner's discretion, so attendance at an uncle's funeral is not a protected liberty interest.

■■ Accordingly, Cruz has failed to state a claim upon which relief may be granted, and the complaint against Gorbea is dismissed.[1]

■■ The only claim against the Commissioner and the Warden that Cruz could be alleging is a failure to exercise supervisory liability. Since the Commissioner and the

---

**1.** Even if plaintiff's complaint were read to allege deprivation of the right to *make a request* for the Commissioner to exercise his discretion and allow attendance at the funeral of his uncle, rather than only the right to *attend* the funeral, there is no constitutional or federal basis for such a claim. See *Samuels v. Dep't of Correction, N.Y.C., supra,* 548 F.Supp. at 255 (inmate's federal rights not violated when defendants failed to act on his requests to visit his wife or attend his children's wake pursuant to Depart-

ment of Corrections guidelines). The language of the New York City guidelines does not mandate the outcome of a request such as Cruz's, made to the proper official, but leaves it within the discretion of "the Commissioner, or a designee." New York City Dept. of Correction Directive Classification No. 4012 at 2 (Apr. 1, 1979 and revision, July 1, 1979). *See Kentucky Dep't of Corrections, supra,* 490 U.S. at 463, 109 S.Ct. at 867. *See also McMillan v. Healey,* 739 F.Supp. 153, 155–56 (S.D.N.Y.1990).

Warden are not alleged to have been personally involved, the complaint against them is also dismissed. *Gill v. Mooney,* 824 F.2d 192 (2d Cir.1987) (dismissal of a § 1983 action against prison superintendent because no personal involvement was alleged).[2]

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) is granted and the complaint is dismissed as to all of the defendants.

SO ORDERED.

---

**2.** The complaint in the present case does not mention the Commissioner or the Warden at all, or allege that they were personally involved in the alleged constitutional violation. Accordingly, the actions against the Commissioner and the Warden would be dismissed on the ground of failure to allege facts showing supervisory liability, even if plaintiff had established the existence of the right claimed.