In re Hugh Lee **NATHURST III, Debtor.**

**Bankruptcy No. 91–15856–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 5, 1997.

Stephany Carr, Naples, FL, Trustee.

Dennis J. LeVine, Tampa, FL, for Trustee.

Robert R. Powell, San Jose, CA for debtor.

Michael J. Corso, Ft. Myers, FL.

Donald Schold, Naples, FL.

Richard Hollander, Naples, FL.

## ORDER ON TRUSTEE'S MOTION FOR SANCTIONS AGAINST DEBTOR AND ROBERT R. POWELL

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matters under consideration are the Trustee's Motion for Sanctions Against Debtor and Robert R. Powell (Motion) and the response filed by Hugh Lee Nathurst, III's (Debtor) attorney, Robert R. Powell (Powell) entitled "Debtor's Request For Findings And Order That Debtor Does Not Require Leave Of Court To Pursue Tort Claims Against Trustee and Trustee's Attorney or in the Alternative Leave of Court to Pursue Tort Claims Against Trustee and Trustee's Attorney" (Response).

Counsel for Stephanie Carr, the Trustee (Trustee) in this Chapter 7 case, alleges in its Motion that the Debtor and his attorney filed suit against her without obtaining leave from this Court. The Motion further asserts that the Trustee is entitled to recover for damages she suffered as a result of the unauthorized lawsuit. Powell, in his Response to the Motion, contends that he is entitled to sue the Trustee and her attorney. He claims that their conduct, which is the basis of his civil suit, constitutes a tort committed by the Trustee and her attorney, which was outside the scope of the Trustee's authority and had nothing to do with the Debtor's estate. Based on the foregoing, Powell contends that he should be permitted to pursue the suit against the Trustee and her attorney.

The underlying facts which control the issues raised by the Motion and Response are without dispute and can be summarized as follows. On December 10, 1991, the Debtor filed his Voluntary Petition for Relief under Chapter 11. On August 10, 1993, this Chapter 11 case was converted to a Chapter 7 liquidation case. Upon entry of the Order of Conversion, the U.S. Trustee appointed Stephanie Carr as the interim trustee for the estate of the Debtor and ultimately she became the permanent Trustee. She was at that time, and still is, the properly acting Trustee of the estate of the Debtor.

During the course of the administration of the Estate, on October 25, 1993, the Trustee filed an Application For Order Directing Debtor to Appear and sought authority to examine the Debtor pursuant to F.R.B.P. 2004. On October 27, 1993, this Court entered an Order authorizing the examination. The scheduled examination was continued at the request of the Debtor's attorney because the Debtor was in California. Further attempts to conduct the examination were unsuccessful because the attorneys for the parties were unable to agree on a time and date for the examination. On December 22, 1993, the Trustee's counsel filed a Motion For Apprehension And Removal of Debtor to Compel Attendance For Examination pursuant to F.R.B.P. 2005. The Motion was accompanied by an Affidavit, signed by the Trustee, in which the Trustee stated that the Debtor evaded service of the Order authorizing the examination and also willfully disobeyed the order to attend the examination.

Based on the facts alleged in the Motion and on the attached Affidavit, on February 25, 1994, this Court issued an Order directing the U.S. Marshal to take the Debtor into custody and bring him before a magistrate judge, bankruptcy judge, or a district judge and ultimately remove him and bring him before this Court. It is without dispute that the Debtor was, in fact, taken into custody in the Northern District of California, brought before a judge, and ultimately released on conditions ensuring prompt appearance before this Court. Subsequently, the Debtor did appear and the examination was held and concluded.

The record reveals that the Debtor, on March 15, 1994, filed a Motion and sought the imposition of sanctions against the Trustee for violating F.R.B.P. 9011. On November 1, 1994, this Court did find a violation and sanctioned the Trustee. In its Order imposing the sanction, this Court found that the factual allegations in the Affidavit signed by the Trustee were not ascertained as true after reasonable inquiry. The Order imposing sanctions was appealed by the Trustee and is currently before this Court, pursuant to an Order of Remand entered by the District Court solely for the purpose of considering whether the sanctions imposed should have been mitigated based on the conduct of the Debtor's counsel.

It further appears from the record that on March 1, 1995, the Debtor, through his counsel, filed a civil suit in the Circuit Court in and for Collier County, Florida naming Stephanie Carr, as Trustee and individually, and several other parties as defendants (Defendants). The Debtor in his Complaint alleged various causes of action for violation of civil rights, false arrest, intentional and negligent infliction of emotional distress, malicious prosecution, and legal malpractice. In due course, the Defendants filed a Motion to Dismiss, which was ultimately heard by the Circuit Court. The Court entered an Order dismissing the suit without prejudice for failure of the Debtor's counsel to seek leave of the bankruptcy court to initiate the state court action against the Trustee.

It is without dispute that neither the Debtor nor Powell sought authority from this Court to sue the Trustee. The initial inquiry, of course, should be directed to the Trustee's right to the relief sought. This relief is the imposition of sanctions against the Debtor and Powell for suing the Trustee without first obtaining leave from this Court to file such suit. This, in turn, brings into consideration the question of whether a third party may sue a trustee without leave of the court which appointed the trustee, and if so, under what circumstances?

■ The ability to sue a trustee is governed by 28 U.S.C. § 959, which states in pertinent part:

(a) Trustees, ... may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

(b) Except as provided in section 1166 of title 11, a trustee, ... in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee ... according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

28 U.S.C. § 959.

Even a cursory reading of this Section leaves no doubt that the Section is only applicable to trustees who carry on a business. It is without question that the Trustee in this particular instance never did, and does not, carry on a business and was only in charge of liquidating assets.

It should be evident from the foregoing that 28 U.S.C. § 959 furnishes no support for the proposition urged by Powell, that he had the right to file a suit against the Trustee without leave of this Court. The ultimate question for consideration remains: May a non-operating trustee be sued without leave of the court which appointed the trustee?

The seminal case dealing with this subject is *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881). In *Barton*, the Supreme Court held that a trustee cannot be sued without leave of the bankruptcy court. This holding, generally referred to as the *Barton* doctrine, prohibits a party from suing a trustee in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court. The *Barton* doctrine protects not only the trustee, but also other court-appointed officers who represent the bankruptcy estate, including the attorney of the trustee. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240–1241 (6th Cir.1993).

The requirement to obtain leave of the bankruptcy court before filing a complaint against the trustee in a non-appointing forum arises from common law and not from 28 U.S.C. § 959. *In re DeLorean, supra.* This requirement allows the bankruptcy court to maintain control over the administration of the estate. On the other hand, 28 U.S.C. § 959 serves as a limiting exception to the *Barton* doctrine and allows suits against the trustee for actions taken while "carrying on business." *Id.* However, this exception does not apply to suits against a trustee while administering the estate. *In re Campbell*, 13 B.R. 974, 976 (Bankr.D.Idaho 1981).

It is evident that this Court has jurisdiction over the subject matter of this controversy. By virtue of its power under § 105 of the Bankruptcy Code, this Court finds that the suit against the Trustee was unauthorized and under *DeLorean*, the Debtor and his counsel are subject to the imposition of sanctions.

In light of the fact that no amount for damages has been sought, the Trustee's counsel shall submit to the Court and serve upon the Debtor and Powell an itemized statement of the damages it is seeking. The Debtor and Powell shall have ten days from the date of service to interpose written objections.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Impose Sanctions Against the Debtor and Robert R. Powell be, and the same is hereby, granted.

It is further

ORDERED, ADJUDGED AND DECREED that the Trustee shall have ten (10) days from the date of this Order to submit an itemized statement of the damages she is seeking. The itemized statement shall also be served on the Debtor and Robert R. Powell, who shall have ten (10) days thereafter to interpose written objections to any items set forth in the statement.

It is further

ORDERED, ADJUDGED AND DECREED that oral argument on the merits of this matter be, and the same hereby is, scheduled for hearing on March 6, 1997 at 2:00 p.m. at 2000 Main Street, Suite 302, Ft. Myers, Florida.