**In the Matter of Ernest and Carol KRIKAVA, Kevin Krikava, Debtors.**

**Bankruptcy Nos. BK92–40351, BK92–40352.**

United States Bankruptcy Court. D. Nebraska.

Feb. 11, 1998.

Ira James Hawver, Ozawkie, KS, Milo Mumgard, Lincoln, NE, for Debtors.

James Borthwick, Prairie Village, KS, John E. Hubbard, Omaha, NE, for Richard J. Butler.

Catherine Walberg, Gerald Goodell, Topeka, KS, for Mark A. Beck.

Richard J. Butler, Chapter 7 Standing Trustee, Lincoln, NE.

Daniel F. Kaplan, Lincoln, NE, for Community National Bank of Seneca.

Myron Listrom, Topeka, KS, for Board of Directors of Community National Bank of Seneca.

Richard L. Schodorf, Asst. U.S. Atty., Wichita, KS.

*MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

These consolidated cases are before the court for a determination of whether to permit the debtors, Ernest and Kevin Krikava, to prosecute litigation in the United States District Court for the District of Kansas against attorneys Richard J. Butler and Mark A. Beck, each of whom provided professional services in connection with these Nebraska bankruptcy cases as a trustee and trustee's counsel. The specific motions before the court are a Motion and Memorandum in Opposition to Granting Debtors Permission to File Suit in a Non–Appointing Forum by Mark A. Beck (Fil. # 444), a Motion of the United States and Ernest and Kevin Krikava for Abstention from Hearing Any Issues Pleaded in Case No. 97–4022–DES in the U.S. District Court for the District of Kansas (Fil. # 446), the Trustee's Motion for Order Denying Debtors' Request to Prosecute an Action Against the Trustee in Another Court and Awarding Trustee Costs of Defending Action (Fil. # 449), and the Trustee's Motion for Dismissal of Debtors' Claims Against Him (Fil. # 450).

Under *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881), leave of the appointing bankruptcy court is required before debtor may sue the Chapter 7 trustee and his counsel in another forum and such leave is hereby denied.

*Facts*

Ernest and Carol Krikava filed bankruptcy under Chapter 12 of the Bankruptcy Code on March 4, 1992. Kevin E. Krikava, Ernest and Carol's son, filed a separate bankruptcy case under Chapter 12 on the same date. The two cases were administratively consolidated on March 26, 1992, (Fils. # 20, # 21). On August 14, 1992, the consolidated cases were converted to Chapter 7 cases under section 1208(d) upon a determination by this court that the debtors had committed fraud in connection with the bankruptcy cases (Fil. # 107). Richard J. Butler was appointed as the Chapter 7 trustee in the consolidated Chapter 7 cases (Fil. # 114) and the law firm of Erickson & Sederstrom, P.C. was appointed as attorney for the Chapter 7 trustee (Fil. # 125).

Richard J. Butler and Mark A. Beck were attorneys with Erickson & Sederstrom, and they performed legal services for the Chapter 7 trustee. The Chapter 7 trustee liquidated the assets of the bankruptcy estates. A final report of the Chapter 7 trustee was approved by the bankruptcy court, the Chapter 7 trustee was discharged, and the consolidated cases were closed on June 16, 1997 (Fil. # 434).

On February 3, 1997, Ernest and Kevin Krikava filed suit in the United States District Court for the District of Kansas against multiple defendants, including Richard J. Butler, and Mark A. Beck, asserting that during the administration of these bankruptcy cases, the defendants violated the Fraud and False Claims Act ("FFCA") and the Racketeering and Corrupt Organizations Act ("RICO") (the "Kansas Complaint"). A summary of the operative alleged facts in the Kansas Complaint respecting Mr. Butler and Mr. Beck are as follows:

1. Mr. Richard Butler, as Chapter 7 trustee, refused to abandon real estate which secured a claim of the Farmers Home Administration ("FmHA"). If Mr. Butler had abandoned this property as requested by Kevin Krikava, the property could have been sold for a higher price and the FmHA would not have suffered a loss of $51,053.12.

2. Mr. Richard Butler distributed the proceeds of 1992 crop insurance to unsecured creditors rather than to the FmHA.

3. Mr. Mark Beck filed a Motion for Injunction and Restraining Order against the Krikavas in which Mr. Beck made false and unfounded statements to the bankruptcy court, which resulted in the bankruptcy court issuing a restraining order against the Krikavas.

4. Mr. Mark Beck filed a Motion for Contempt in which he made false and libelous statements against the Krikavas, which resulted in the bankruptcy court issuing a Writ of Assistance to the

United States Marshall to aid in the liquidation of the Krikava's assets.

The Kansas Complaint also names the Community National Bank of Seneca, Kansas (the "Bank"), and its board of directors (the "Board") as defendants. The Krikavas assert that numerous actions taken by the Bank and the Board constitute violations of RICO and FFCA. The allegations made by the Krikavas include breach of contract, conversion, duress, fraud, defamation, mail fraud, intentional or negligent infliction of emotional distress, violation of the Krikavas' civil rights, and violations of the Equal Credit Opportunity Act, the Food Security Act of 1985, and the Kansas Uniform Commercial Code.

The Krikavas further assert that the Bank exerted undue influence on the Chapter 7 trustee, resulting in the Chapter 7 trustee coercing the Krikavas to dismiss unspecified tort, contract, and civil rights claims against the Bank. The Krikavas also contend that the Bank intentionally concealed material facts from the Chapter 7 trustee which led to the conversion of their Chapter 12 bankruptcy cases to cases under Chapter 7, and ultimately a loss of $51,053.12 to the United States. Finally, the Krikavas assert that the actions taken by the Bank, the Board, Mr. Beck, and Mr. Butler were in furtherance of a conspiracy to convert funds securing the FmHA's debt.

On August 14, 1997, Richard J. Butler filed a motion in this bankruptcy court to reopen the bankruptcy cases (Fil. # 435), asserting that the debtors were attempting to collaterally attack the decisions of this bankruptcy court, and asserting that the debtors could not proceed in the federal court in Kansas without the prior approval of this bankruptcy court.

The debtors resisted Mr. Butler's motion to reopen the bankruptcy cases asserting that the claims stated in the Kansas litigation are not related to core matters of the bankruptcy case, that this bankruptcy court has no jurisdiction over the matters alleged in the debtors' Kansas complaint, and that judicial economy requires that all issues be heard at the same time in a court of general jurisdiction (Fil. # 440). After a hearing, I con-cluded that cause existed to reopen the cases to consider whether relief should be granted to any of the parties. On September 11, 1997, the bankruptcy cases were reopened (Fil. # 443). In connection with reopening the bankruptcy cases, I did not address the merits of the issues raised by Mr. Butler and Mr. Beck.

After the cases were reopened, Mr. Beck and Mr. Butler each filed motions requesting this court to prohibit the debtors from prosecuting any action against them arising out of these bankruptcy cases in any forum other than this bankruptcy court (Fils. # 444, # 449). Mr. Butler also filed a motion requesting that the bankruptcy court dismiss all claims made by the debtors against him (Fil. # 450). The debtors filed a motion requesting that the bankruptcy court abstain from hearing any of the issues pleaded in the Kansas District Court litigation (Fil. # 446). A consolidated hearing was held upon affidavit evidence and the matters were taken under advisement.

### Discussion

■ The first issue is whether the debtors must obtain leave of this court before proceeding in another forum against the Chapter 7 trustee and his attorney (the "Defendants") both of whom were appointed by this court to provide services in connection with these cases. In *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881), the United States Supreme Court adopted the common law rule that leave of the appointing court must be obtained before a suit can be brought against a receiver (the "Barton Doctrine"). The Sixth Circuit held that the Barton Doctrine applies to claims against a bankruptcy trustee:

It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.

*In re DeLorean Motor Company*, 991 F.2d 1236, 1240 (6th Cir.1993) (citations omitted). In *DeLorean*, the court held that the Barton

Doctrine extends to claims asserted against counsel appointed to represent the Chapter 7 trustee. *Id.* at 1241. *See also, In re Nathurst,* 207 B.R. 755 (Bankr.M.D.Fla.1997). Consent of the appointing bankruptcy court is required even when the plaintiff seeks to sue in another federal court. *See In re Kashani,* 190 B.R. 875, 885 (9th Cir. BAP 1995). The facts alleged in the Kansas Complaint occurred during the pendency of these bankruptcy cases and involved the administration or liquidation of the bankruptcy estates. The allegations thus relate to acts taken by the trustee or counsel in their official capacity.

Title 28 U.S.C. § 959(a) provides a limited exception to the Barton Doctrine by allowing trustees, receivers or certain managers to be sued without leave of the appointing court for carrying on a business connected to property within their control. However, the Sixth Circuit has held that this statutory exception does not apply to suits against trustees or other court appointed officers for actions taken while administering a bankruptcy estate. *DeLorean* 991 F.2d at 1241. In *DeLorean,* the Sixth Circuit held that a trustee's administration and liquidation of the assets of the bankruptcy estate does not constitute "carrying on business" as that phrase is used in 28 U.S.C. § 959(a). *Id.*

In the cases now before this court, the Chapter 7 trustee and his attorney did not carry on a business. Their duties entailed administering and liquidating the bankruptcy estates. Therefore, the limited exception to the Barton Doctrine provided by 28 U.S.C. § 959(a) is not applicable, and the debtors must obtain the consent of this bankruptcy court before they may proceed against the trustee and trustee's counsel in another forum. Under Chapter 7 of the Bankruptcy Code, a trustee is permitted to "operate the business" of the Chapter 7 debtor with leave of the court. *See* § 704(8). In this case, the Krikavas' farming operation was not "operated" by the Chapter 7 trustee, so I need not address the question of whether the exception provided by 28 U.S.C. § 959(a) extends to a claim asserted against a court appointed bankruptcy trustee operating the business of a Chapter 7 bankruptcy debtor with leave of the court.

Under the Barton Doctrine, the appointing court has discretion whether to permit suit in another forum. In exercising its discretion, the bankruptcy court should first consider whether the plaintiff has set forth a prima facie case. The court should then balance the interests of all the parties involved. *Kashani,* 190 B.R. 875 at 886. The bankruptcy court should consider a number of issues including: whether the claims asserted pertain to actions taken by the trustee while administering the estate; whether the claims asserted involve acts taken by the trustee under statute or orders of the bankruptcy court, which may entitle the trustee to quasi-judicial or derived judicial immunity; whether the plaintiffs seek a judgment against the trustee personally; and whether the claims allege breach of the trustee's fiduciary duty, negligence or willful misconduct. *Id.* at 886–87.

A number of factors weigh against allowing the debtors to proceed against the trustee and trustee's counsel in federal court in Kansas. First, the transactions and occurrences which serve as the factual basis for the plaintiffs' claims all occurred during the pendency of these bankruptcy cases and pertain to actions taken by the trustee and trustee's counsel while charged with the administration and liquidation of these bankruptcy estates. Some of the actions complained of were specifically authorized by court orders. Second, this bankruptcy court has an important interest in supervising the conduct of professionals it appointed to administer these Chapter 7 bankruptcy cases. In order to uphold the integrity of the bankruptcy process, this court must have the ability to take appropriate action if professionals it appointed acted illegally or inappropriately. Third, all the proceedings in these bankruptcy cases took place before this bankruptcy court, and I have substantive knowledge about the cases which I obtained while acting in my judicial capacity in the adjudication of various contested matters. Finally, this court is a convenient forum. Mr. Butler and Mr. Beck reside in Nebraska, were under the supervision of the Assistant

United States Trustee for the District of Nebraska and the debtors filed their bankruptcy cases in Nebraska.

▪ The debtors have raised a number of considerations in opposition to the motions seeking to prohibit them from proceeding in the Kansas litigation. The debtors assert that they have a right to a jury trial and state that they will not consent to a jury trial in this bankruptcy court. If there is in fact a right to trial by jury, and the case proceeds to trial, this bankruptcy court will request the United States District Court for the District of Nebraska to withdraw the reference for trial by jury. The United States District Court for the District of Nebraska has a strong interest in the adjudication of claims against professionals appointed in bankruptcy cases pending in Nebraska. Indeed, subject matter jurisdiction over these Nebraska bankruptcy cases is vested in the Nebraska Federal District Court. *See* 28 U.S.C. § 1334 and 28 U.S.C. § 157.

▪ The debtors also assert that this bankruptcy court does not have subject matter jurisdiction over the claims asserted against the Defendants in the Kansas Federal District Court. In the Kansas Complaint, the Krikavas assert that Mr. Butler and Mr. Beck violated RICO and FFCA by their actions in administering and liquidating the bankruptcy estates. The facts asserted in the Kansas Complaint respecting Mr. Beck and Mr. Butler all occurred during the course of these bankruptcy cases, and all such facts appear to arise out of actions taken by Mr. Beck and Mr. Butler in the administration and liquidation of the bankruptcy estates. This bankruptcy court has subject matter jurisdiction to adjudicate disputes which involve the actions of a trustee and counsel appointed by the court. The debtors may not deprive this court of subject matter jurisdiction to adjudicate complaints respecting the performance of a trustee or trustee's counsel appointed by this court, by artfully framing the Kansas Complaint in terms of RICO and FFCA. The fact that the debtors assert a cause of action under RICO and FFCA does not deprive this court of its jurisdiction over core matters. Rather, such pleadings raise the separate question of whether the bankruptcy court may adjudicate a RICO or FFCA claim. I do not need to resolve that question at this time. *See Barnett v. Stern,* 909 F.2d 973 (7th Cir.1990). It is sufficient to conclude that I have subject matter jurisdiction respecting the factual allegations made in the Kansas Complaint against Mr. Butler and Mr. Beck. After considering these factors, I conclude that the debtors should not. be allowed to proceed against Mr. Butler and Mr. Beck in another forum.

The debtors do not have leave of this bankruptcy court to proceed in the United States District Court for the District of Kansas against Richard J. Butler or Mark A. Beck for actions taken by Mr. Butler and Mr. Beck during the administration of these bankruptcy cases.

A separate order will be entered consistent herewith.

IT IS SO ORDERED.

### ORDER

For the reasons stated in the court's separate Memorandum filed contemporaneously herewith,

IT IS ORDERED, that within 21 days hereof, Mr. Ernest Krikava and Mr. Kevin Krikava shall file a motion to dismiss Mr. Richard J. Butler and Mr. Mark A. Beck as parties to the Case No. 97–4022–DES, which is filed in the United States District Court for the District of Kansas, which case is captioned *United States of America, ex rel. Ernest C. Krikava, and Kevin Krikava, Plaintiffs vs. Community National Bank of Seneca, Kansas, et al., Defendants.*

IT IS FURTHER ORDERED, that Mr. Ernest Krikava and Mr. Kevin Krikava are hereby enjoined from filing a legal proceeding, suit, or claim against Mr. Richard J. Butler and/or Mr. Mark A. Beck respecting the alleged facts, transactions or occurrences which are the subject matter of the Complaint filed in the Kansas proceeding (Case No. 97–4022–DES), in any forum whatsoever except for this bankruptcy court, unless they shall first obtain the prior written consent of this court.

IT IS FURTHER ORDERED, that Mr. Ernest Krikava and Mr. Kevin Krikava shall be allowed 60 days from the date hereof in which to file a contested matter or adversary proceeding in this bankruptcy court respecting the alleged facts, transactions, or occurrences, which are the subject matter of the Complaint filed in the Kansas proceeding (Case No. 97–4022–DES). If Mr. Ernest Krikava and/or Mr. Kevin Krikava fail to file such claims with this court within this 60 day period, IT IS ORDERED, that each of them shall be barred from filing any/or all such claims in any court or forum in the future.

IT IS FURTHER ORDERED, that the Motion and Memorandum in Opposition to Granting Debtors Permission to File Suit in a Non–Appointing Forum (Fil. # 444) is sustained.

IT IS FURTHER ORDERED, that the Motion of the United States and Ernest and Kevin Krikava for Abstention from Hearing Any Issues Pleaded in Case No. 97–4022–DES in the U.S. District Court for the District of Kansas (Fil. # 446) is denied.

IT IS FURTHER ORDERED, that Trustee's Motion for Order Denying Debtors' Request to Prosecute an Action Against the Trustee in Another Court and Awarding Trustee Costs of Defending Action (Fil. # 449) is sustained. If there is a dispute as to the amount of the reasonable costs and legal fees so assessed, a motion shall be filed in this court for a determination of costs and legal fees incurred by Mr. Richard J. Butler in defending the Kansas litigation.

IT IS FURTHER ORDERED, that Trustee's Motion for Dismissal of Debtors' Claims Against Him (Fil. # 450) is denied, without prejudice as the matter is not ripe for decision.

IT IS SO ORDERED.