In re John Richard ROSS and Blanche Ilene Ross, Debtors.

John Richard Ross, Plaintiff,

v.

Bruce E. Strauss, Trustee, Defendant.

Bankruptcy Nos. 97–50072–SJ, 97–50073–SJ.

Adversary No. 98–5035–SJ.

United States Bankruptcy Court, W.D. Missouri.

March 4, 1999.

John Richard Ross, pro se debtor.

Bruce E. Strauss, United States Trustee, Kansas City, MO, for Defendant.

## MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

On October 22, 1998, the Debtor, John Ross, acting *pro se*, filed a lawsuit against Bruce E. Strauss, the Trustee in these Chapter 7 proceedings, in the Harrison County (Missouri) Circuit Court, without first obtaining leave of this Court. Acting pursuant to Bankruptcy Rule 9027 and 28 U.S.C. § 1452, the Trustee removed the state court lawsuit to the Bankruptcy Court by filing a Notice of Removal on November 3, 1998. The Debtor, on November 6, 1998, filed a pleading captioned "Motion for the Court Not to Move the Court Case to the Bankruptcy Court Its Case That Should be Held in Harrison County Court" (sic). On November 12, 1998, the Trustee filed a Motion to Dismiss Complaint and Request for Sanctions, asserting that the complaint filed by the Debtor in the Harrison County Circuit Court was uncomprehensible and devoid of merit and should be dismissed and that sanctions totaling $950.00 should be imposed on the Debtor because the state court lawsuit had been filed without first obtaining leave of the Bankruptcy Court.

A hearing was scheduled on the Notice of Removal and the Debtor's Motion objecting to the removal of the case on January 15, 1999, in St. Joseph, Missouri. The Debtor was notified of that hearing by a Notice mailed to him by the Clerk of the Bankruptcy Court. However, the Debtor failed to appear for the hearing. The Trustee did appear. Chief Judge Frank W. Koger, who was at that time sitting in the St. Joseph Division, entered an Order on January 22, 1999, denying the Debtor's Motion objecting to the removal of the state court lawsuit to the Bankruptcy Court, for the reason that the Debtor had failed to seek leave of the Bankruptcy Court before filing the state court lawsuit, as required by *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881).

On January 26, 1999, the Debtor filed a Motion for Rehearing in which he asserted that he had not received notice of the hearing scheduled on January 15, 1999. On February 1, 1999, the undersigned assumed the bench, and this Adversary Proceeding was transferred to the undersigned as the judge responsible for the St. Joseph Division of this Court. I granted the Debtor's Motion for Rehearing and scheduled another hearing on the Debtor's Motion as well as on the Trustee's Motion on February 19, 1999. Once again, the Debtor failed to appear, though he telephoned the Court early on the morning of February 19 and advised the Court that he was ill and could not attend the hearing. The Debtor was advised that, if he could not attend the hearing, he should send a representative to the hearing. However, no one appeared on behalf of the Debtor to speak for him or verify his alleged illness. The Trustee appeared, and accordingly, the Court proceeded with the hearing.

For the reasons stated hereinbelow, the Debtor's Motion for Rehearing will be denied and the Trustee's Motion to dismiss this Adversary Proceeding and to impose sanctions on the Debtor will be granted. The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### DISCUSSION

This Adversary Proceeding is the latest episode in the rather lengthy history of this Chapter 7 proceeding. The Debtor filed his Chapter 7 proceeding on February 7, 1997, more than two years ago, and Mr. Strauss was appointed at that time to be the Chapter 7 Trustee. The Debtor was represented by counsel when the case was filed, but that attorney was compelled to later withdraw because she was also representing the Debtor's mother, Blanche Ilene Ross, in a Chapter 12 proceeding in this Court. Over the course of this case, the Debtor has been represented by at least three different attorneys but is now without representation and is attempting to prosecute these proceedings *pro se*. On September 15, 1997, this case and the case involving the Debtor's mother (which case had been converted to Chapter 7) were consolidated, and Mr. Strauss was appointed by the United States Trustee as

the Chapter 7 Trustee in the consolidated case.

Mr. Ross is, or at least has been in the past, engaged in farming. According to his original Statement of Financial Affairs, he was engaged in a farming and livestock operation with his mother, Blanche Ross. The Debtor's bankruptcy schedules, as originally filed, indicated that he had assets of "more than $83,428.00" and that he had liabilities of $67,964.00. However, a review of the Court's rather voluminous files in this case indicates that the Trustee has liquidated several tracts of real estate and has sold substantial personal property belonging either to John Ross or Blanche Ross or both. (The property sold included 240 acres for $114,000 on 5/6/98; 100 acres for $48,000 on 9/22/98; and 77 acres for $34,000 on 10/28/98).

Mr. Strauss as the Chapter 7 Trustee has not operated or carried on the farming operations of either John Ross or Blanche Ross. His work as Trustee has been limited to liquidating the assets of the combined bankruptcy estates and providing the services that are commonly performed by a Chapter 7 Trustee.

In the lawsuit filed on October 22, 1998, against Mr. Strauss in the Harrison County Circuit Court, the Debtor acknowledged that Mr. Strauss's address was in Jackson County, Missouri, but nonetheless asserted that venue and jurisdiction were proper in Harrison County—"In the county that John Ross resides in" (sic). The lawsuit set out seven "causes of action." In each cause of action, Mr. Ross alleged "[t]he intent to damage and has caused damage to John Ross" on the part of the Trustee in some respect. However, many of the allegations are nonsensical or unintelligible. For example, the first cause of action states simply: "Has made false claims and representation." Other examples of the allegations made by Mr. Ross (all quotes are verbatim from the complaint):

"Has made false statements on claims and has said they was not paid when they was paid causing damage."

"Has caused damage to the John Ross for ten years and more to the credit of John Ross."

"Has caused damage to John Ross do to loss of land for future income and life."

"Has caused hard ship between Blanche I Ross and John Ross. has caused damage to John Ross."

"Say that John Ross filed a bankruptcy on FEB. 7, 1997. When John Ross never did file a bankruptcy, and never has ever paid any filing fee for a bankruptcy, and never did ever pay a retainer for a lawyer to file bankruptcy."

## I. Removal and Remand

A party to a civil action (other than certain actions not involved here) may remove a claim or cause of action to the district court where such civil action is pending, if the district court has jurisdiction of such claim or cause of action under § 1334 of Title 28. 28 U.S.C. § 1452(a). The same standard and procedures apply for removal to the Bankruptcy Court. Bankruptcy Rule 9027.

As alleged by the Trustee in his Notice of Removal, this Court had jurisdiction of the lawsuit filed by the Debtor pursuant to 28 U.S.C. § 1334, because the claims asserted by the Debtor were claims "arising under Title 11, or arising in and related to cases under Title 11." 28 U.S.C. § 1334(b). A reading of the Debtor's complaint, as incomplete as it is, leads to the obvious conclusion that the complaints against the Trustee either arose in or are related to the Debtor's Chapter 7 bankruptcy case. Therefore, the Trustee properly removed the case from the Harrison County Circuit Court to the Bankruptcy Court.

Once a claim or cause of action has been removed, the non-removing party may file a motion for remand. 28 U.S.C. § 1452(b) provides:

"(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the

United States under section 1254 of this title."

Section 1452(b) is a grant of broad discretion to the district court to remand a cause of action to the court in which it originated. Remand may be based on "any equitable ground." 10 Collier on Bankruptcy (15th Ed.), ¶ 9027.09, p. 9027–15 (1998). The procedure for remand is set out in Bankruptcy Rule 9027(d), which states:

"d. Remand. A motion for remand of the removed claim or cause of action shall be governed by Rule 9014 and served on the parties to the removed claim or cause of action."

Even assuming that the Debtor's Motion filed on November 6, 1998, could be liberally construed as a request to remand the case to the Circuit Court of Harrison County, the Motion does not state any equitable grounds for doing so, nor does the Court find any equitable grounds for remanding the case to the state court from the attendant circumstances. The Debtor has failed to appear in Court for two hearings at which his Motion was being considered, and at a time when the Debtor could personally appear and present any grounds he might have for remanding the case to the state court. His failure to appear suggests that the Debtor does not have any good reasons for remanding the case to the Circuit Court.

Secondly, and perhaps more importantly, the Debtor's lawsuit should not be remanded to the Circuit Court because the lawsuit was unauthorized at its inception.

It is well-settled that leave of the appointing court must be obtained by any party wishing to institute an action in another forum against a receiver or trustee in an insolvency proceeding. See, e.g., *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (*citing Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881)); *In re Baptist Medical Center*, 80 B.R. 637, 643 (Bankr. E.D.N.Y.1987); *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir.1967), *cert. denied*, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1968). The rationale for this rule was set out by the Supreme Court in *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881).

"A suit therefore, brought without leave to recover judgment against a receiver for a money demand, is virtually a suit the purpose of which is, and effect of which may be, to take the property of the trust from his hands and apply it to the payment of the plaintiff's claim, without regard to the rights of other creditors or the orders of the court which is administering the trust property. We think, therefore, that it is immaterial whether the suit is brought against him to recover specific property or to obtain judgment for a money demand. In either case leave should be first obtained." *Id.* at 129.

The requirement that a trustee cannot be sued in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court, unless leave is first obtained from the bankruptcy court, enables the bankruptcy court to maintain better control over the administration of the estate. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993). In effect, the common law grants the trustee immunity from suit in a non-bankruptcy forum so long as the trustee is engaged in the performance of his official duties. *In re Nathurst*, 207 B.R. 755, 758 (Bankr.M.D.Fla.1997) (explaining that the *Barton* doctrine protects not only the trustee, but also other court-appointed officers who represent the bankruptcy estate, including the attorney for the trustee).

The only exception to the Barton doctrine arises when the trustee is carrying on the business of the debtor. This exception is contained in § 959(a) of Title 28 and provides in pertinent part:

"(a) Trustees, ... may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

28 U.S.C. § 959(a). Courts interpreting this provision have held that merely collecting

property, taking steps to preserve property, and/or holding assets, as well as other aspects of administering a bankruptcy estate, do not constitute "carrying on business." *Matter of Campbell,* 13 B.R. 974, 976 (Bankr.D.Idaho 1981); *Austrian v. Williams,* 216 F.2d 278 (2nd Cir.1954) *cert. denied sub nom Fogarty v. Austrian,* 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 744 (1955). It is unquestioned that the Trustee in this case has not operated the business of the Debtor. The Trustee's sole function has been that of a liquidating trustee.

It is of no consequence that the trustee in bankruptcy cases is now appointed by the United States Trustee, 11 U.S.C. § 701, rather than by the Court. The purpose of the *Barton* doctrine and 28 U.S.C. § 959 is to protect the trustee in the performance of his official duties and to protect the assets of the bankruptcy estate. *In re Nathurst, supra,* regardless of who appoints him.

There is yet another reason for this Court's decision not to remand the case to the Circuit Court. Venue was improper where the Debtor first brought suit against the Trustee in state court, and consequently, remand to that court would be inappropriate.

Under Missouri's general venue statute, a lawsuit must be filed in the county of residence of the defendant or in the county where the plaintiff resides and the defendant can be found, § 508.010(1), RSMo 1994, or, in the case of tort actions, in the county where the cause of action accrued, § 508.010(6). Debtor filed his case in Harrison County for the stated reason that the Debtor is a resident of Harrison County. As noted previously, the Debtor, by his own admission, stated that the Trustee has his offices in Jackson County, Missouri, and there is no assertion that he is a resident of Harrison County. Debtor also fails to suggest any reason why the Trustee, who was served in Jackson County, can be found in Harrison County. If the Debtor's complaint is regarded as a tort action, it fails to allege any facts showing that the acts complained of occurred in Harrison County. Therefore, based on the limited facts before the Court, it clearly appears that venue of the Debtor's lawsuit is improper in Harrison County, and the Court will not remand a case to a court where the venue, in the first instance, is improper.

For the foregoing reasons, the Debtor's Motion, which the Court has liberally construed as a request for remand to the Harrison County Circuit Court, will be denied.

## II. The Trustee's Motion to Dismiss and for Sanctions

The Trustee has moved to dismiss the Debtor's Complaint on grounds that the Complaint fails to state a claim on which relief can be granted and on grounds that the filing was not authorized by the Bankruptcy Court, as required by *Barton v. Barbour, supra.*

As noted hereinabove, the Debtor's suit against the Trustee was unauthorized from its inception; the Debtor failed to obtain leave from the Court to proceed with the suit as required by the *Barton* doctrine, *Barton,* 104 U.S. at 129, and the suit did not fall into the narrow exception created by 28 U.S.C. § 959(a) for suits based on actions taken in the course of carrying on the business of a debtor. For this reason, the lawsuit should be dismissed.

The lawsuit should also be dismissed for failure to state a claim on which relief may be granted. The Court will consider the Trustee's Motion to Dismiss as being a motion filed pursuant to F.R.Civ.P. 12(b)(6), though the rule is not cited by the Trustee. Rule 12(b)(6) is made applicable to this proceeding by Bankruptcy Rule 7012. The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d, § 1356 (1990).

Rule 12(b)(6) must be read in conjunction with F.R.Civ.P. 8, which requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief ..." The complaint is to be liberally construed in favor of the plaintiff, and its material allegations tak-

en as true. Only when the pleading fails to meet this liberal standard should it be dismissed under Rule 12(b)(6). *Fednav Ltd. v. Sterling International,* 572 F.Supp. 1268, 1270 (N.D.Cal.1983). However, to avoid summary dismissal, the complaint must set out sufficient facts to support the prima facie elements of the cause of action. *Orlando v. Alamo,* 646 F.2d 1288, 1289 (8th Cir.1981). "At a minimum ... a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Springdale Education Association v. Springdale School District,* 133 F.3d 649, 651 (8th Cir.1998).

■ The allegations of the Debtor's Complaint, which have been set out verbatim hereinabove, are similar to the conclusory statements of the plaintiff's complaint in *Powell v. Jarvis,* 460 F.2d 551 (2d Cir.1972). There, the Court found that the plaintiff's complaint was "a hodgepodge of vague and conclusory allegations" and that no facts were presented which would be sufficient to support the plaintiff's claims. *Powell,* 460 F.2d at 553. See also *Howard v. Koch,* 575 F.Supp. 1299 (E.D.N.Y.1982). Such is the case here. The Debtor's Complaint is devoid of any factual allegations, but rather consists almost wholly of conclusory statements such as "has made false claims and representation," (sic) "has caused damage to the John Ross for ten years and more to the credit of John Ross," (sic) "has made false statements on claims ...," and "has caused hard ship between Blanche I Ross and John Ross ..." (sic) In short, the Complaint is a hodgepodge of vague and conclusory allegations that are too vague and unparticularized to state a claim on which relief can be granted.

■ Finally, because the filing of the Complaint in the Harrison County Circuit Court was done without leave of the Bankruptcy Court and was therefore unauthorized, the Debtor is subject to sanctions. 11 U.S.C. § 105. The Trustee has requested sanctions in the amount of $800.00 plus the costs ($150.00) of filing the Notice of Removal in this Court. The Trustee has been required to prepare and file the Notice of Removal, has prepared and filed the Motion to Dismiss, and has been required to appear for two different Court hearings (held some 60 miles from the Trustee's office) at which the Debtor, though provided proper notice, failed to appear. Therefore, the Court finds that the sanctions requested by the Trustee are reasonable and should be imposed.

Accordingly, it is

ORDERED that the Debtor's "Motion for the Court Not to Move the Court Case to the Bankruptcy Court Its Case That Should be Held in Harrison County Court" (sic) be and is hereby DENIED. It is

FURTHER ORDERED that the Trustee's Motion to Dismiss the Debtor's Complaint be and is hereby GRANTED, the Debtor's Complaint is hereby dismissed, and the Debtor is hereby ordered to pay to the Trustee sanctions in the amount of $950.00.

The Clerk shall enter Judgment in accordance with this Memorandum Opinion and Order.

**SO ORDERED.**