[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2000
THOMAS K. KAHN
CLERK

_____

No. 99-13703

_____

D. C. Docket No. 97-03063-CV-S-NE

CLYDE THOMAS CARTER,

Plaintiff-Appellant,

versus

BOB RODGERS, Individually and,
in his capacity as Trustee in the
Clyde Thomas Carter Bankruptcy,
CLEMENTS ANTIQUES OF
TENNESSEE, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 2, 2000)**

Before TJOFLAT and HULL, Circuit Judges, and PROPST*, District Judge.

HULL, Circuit Judge:

_____

*Honorable Robert B. Propst, District Judge for the Northern District of Alabama, sitting by designation.

Plaintiff-Debtor Clyde Thomas Carter appeals the district court's dismissal of his civil action based on his failure to seek leave first from the bankruptcy court to file this action. We affirm.

## I. BACKGROUND

Plaintiff Clyde Thomas Carter was a debtor in a Chapter 7 bankruptcy proceeding. Defendant Bob Rodgers was the initial Bankruptcy Trustee ("Trustee") in Carter's bankruptcy proceeding. As Trustee, Rodgers appointed Defendant Clements Antiques of Tennessee, Inc. ("Clements Antiques"), and its principals, Defendants Charles W. Clements, Sr. and Charles W. Clements, Jr. ("the Clements") to conduct a sale of Carter's personal property. The bankruptcy court approved these appointments.

Clements Antiques conducted the sale by way of auction on August 5, 1995. Trustee Rodgers and his wife attended the auction, and Rodgers's wife successfully bid on an item.[1] Likewise, Clements Antiques, Clements Sr., and Clements Jr. (or family members on their behalf) purchased items at the auction. Upon learning of these purchases, the bankruptcy administrator for the Northern District of Alabama complained that the purchases rendered all Defendants non-

---

[1] Trustee Rodgers' wife, Mary Rodgers, purchased an oak dresser for $300, which was the last and highest bid for the dresser at the auction. Mrs. Rodgers offered to void the dresser's sale and return the item to the new trustee. This offer was denied by the new trustee who determined that "voiding of the sale would not add value to the estate."

disinterested parties in contravention of the Bankruptcy Code.  See 11 U.S.C. §

701(a)(1) ("[T]he United States trustee shall appoint one disinterested person . . . to

serve as . . . trustee."); 11 U.S.C. § 327(a) ("[T]he trustee . . . may employ . . .

auctioneers . . . that do not hold or represent an interest adverse to the estate.").  As

a result, Rodgers resigned as Trustee, and Clements Antiques returned all

commissions and buyer's premiums received in connection with the auction.[2]

Carter filed this civil action in district court seeking compensatory and

punitive damages from Trustee Rodgers, Clements, and Clements Antiques based

on alleged breaches of fiduciary duties and duties of reasonable care with respect

to Carter's bankruptcy estate.  The district court found that Carter failed to obtain

leave of the bankruptcy court before filing this lawsuit and dismissed Carter's

lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject

matter jurisdiction.[3]  Carter timely appealed.

## II. DISCUSSION

### A.  The Barton Doctrine

This case presents an issue of first impression in this circuit regarding

---

[2]  Clements Antiques and the successor Chapter 7 trustee entered into a settlement whereby Clements Antiques agreed to return all commissions and fees it had received in connection with the auction, which totaled approximately $8,600.

[3]  We review a dismissal for lack of subject matter jurisdiction de novo.  See, e.g., Pillow v. Bechtel Constr., Inc., 201 F.3d 1348, 1351 (11th Cir. 2000).

whether a debtor first must obtain leave from the bankruptcy court before it can initiate an action in the district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity. Joining the other circuits that have considered this issue, we hold that a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer,[4] for acts done in the actor's official capacity. See Springer v. Infinity Group Co., No. 98-5182, 189 F.3d 478 (10th Cir. Aug. 26, 1999) (unpublished table decision), cert. denied, 120 S. Ct. 1422 (2000); Gordon v. Nick, No. 96-1858, 162 F.3d 1155 (4th Cir. Sept. 2, 1998) (unpublished table decision); In re Linton, 136 F.3d 544, 546 (7th Cir. 1998); Lebovits v. Scheffel (In re Lehal Realty Assocs.), 101 F.3d 272 (2d Cir. 1996); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); Vass v. Conron Bros. Co., 59 F.2d 969, 970 (2d Cir. 1932); Kashani v. Fulton (In re Kashani), 190 B.R. 875, 885 (9th Cir. B.A.P. 1995).

---

[4]In this case, Defendants other than Rodgers were not court "appointed," but rather court "approved." We find this distinction irrelevant, and hold that these court approved officers functioned as the equivalent of court appointed officers for purposes of the Barton doctrine. See Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993) ("We hold as a matter of law [that] . . . court appointed officers who represent the estate, are the functional equivalent of a trustee, where as here, they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets.").

"An unbroken line of cases . . . has imposed [this] requirement as a matter of federal common law." Linton, 136 F.3d at 545. In so holding, these circuit courts have applied the rule referred to as the "Barton doctrine." See id. The Supreme Court in Barton v. Barbour, 104 U.S. 126, 127 (1881), stated that "[i]t is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." Barton involved a receiver in state court, but the circuit courts have extended the Barton doctrine to lawsuits against a bankruptcy trustee. In Linton, the Seventh Circuit explained the reasons behind its application of the Barton doctrine to a bankruptcy trustee, as follows: "The trustee in bankruptcy is a statutory successor to the equity receiver, and . . . [j]ust like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." 136 F.3d at 545.

In addition, the policy behind this leave of court requirement was well-stated by the Seventh Circuit:

> If [the trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded. . . . Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive . . . .

5

Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively.

Linton, 136 F.3d at 545.

Plaintiff's suit is a run-of-the mill Barton case. Carter sued Defendants in district court for breaches of fiduciary duties stemming from their official bankruptcy duties. He needed leave of the bankruptcy court, and absent that leave, the district court correctly found that it did not have subject matter jurisdiction over his cause of action.

## B. Federal vs. State Causes of Action

Carter argues that the Barton doctrine requires parties to obtain leave of the bankruptcy court only when they wish to pursue a state court remedy. We disagree, and hold that when leave is required, it is required before pursuing remedies in either state or other federal courts. We find no reason to distinguish between instances where the trustee is sued in state court and those in which the trustee is sued in federal court. See Kashani v. Fulton (In re Kashani), 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995) ("[L]eave to sue the trustee is required to sue in those federal courts other than the bankruptcy court which actually approves the trustee's appointment."); In re Krikava, 217 B.R. 275, 279 (Bankr. D. Neb. 1998) ("Consent of the appointing bankruptcy court is required even when the plaintiff seeks to sue in another federal court.").

6

## C. Related-To Bankruptcy Requirement

There also is no merit to Carter's assertion that his tort claims -- breach of fiduciary duty and reasonable care -- are "unrelated to" and "outside the scope" of the bankruptcy proceeding because they do not arise directly from substantive provisions of the Bankruptcy Code. Carter posits the theory that because his claims are unrelated to the bankruptcy proceeding, the bankruptcy court lacks jurisdiction over his lawsuit and, therefore, he was not required to obtain leave of the bankruptcy court before bringing his suit in district court.

We disagree. The bankruptcy court has jurisdiction over Carter's claims because his breach of fiduciary duty and reasonable care claims are "related to" and "within the scope" of the bankruptcy proceeding. Because Carter's claims are related to the bankruptcy proceeding, we need not determine whether leave of the bankruptcy court is required when a debtor sues a trustee for a tort completely "unrelated to" and "outside the scope" of the bankruptcy proceeding.

A proceeding is within the bankruptcy jurisdiction, defined by 28 U.S.C. § 1334(b), if it "arises under" the Bankruptcy Code or "arises in" or is "related to" a case under the Code. "'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code. The 'arising in a case under' category is generally thought to involve administrative-type matters, or as the . . .

7

court put it, 'matters that could arise only in bankruptcy.'" In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999) (citations omitted). We have stated, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990).

While Carter's action against Defendants arose after the date of the bankruptcy petition, his suit turns solely on allegations of wrongdoing in the sale of property belonging to the bankruptcy estate.[5] Any recovery would reduce the administrative expenses of the sale of the estate property and would perforce increase the amount of estate property available to satisfy creditors' claims. See 11 U.S.C. § 541(a)(7); see, e.g., McGuirl v. White, 86 F.3d 1232 (D.C. Cir. 1996). Thus, the outcome of this case will impact Carter's bankruptcy estate.

Further, Carter sued the trustee and other court approved officers of his bankruptcy estate for alleged breaches of their bankruptcy-related duties. The

---

[5] The instant case is quite different from that in Boone v. Community Bank of Homestead (In re Boone), 52 F.3d 958 (11th Cir. 1995), where we determined that the bankruptcy court lacked jurisdiction over a lawsuit by Chapter 7 debtors against a creditor for tortious interference. In Boone, the conduct giving rise to the claim occurred after the date of the bankruptcy petition, and it was clear that the lawsuit "ha[d] no conceivable effect on the estate or the administration of the estate," and that the outcome of the tortious interference claim would not alter the "rights and duties arising from the petition in bankruptcy." See Boone, 52 F.3d at 961. In the present case, while Carter's lawsuit against Defendants also arose after the date of the bankruptcy petition, his action will have an effect on the estate and the administration of the estate.

Bankruptcy Code establishes the office of trustee and defines the trustees' duties. Moreover, an action against a bankruptcy trustee for breach of bankruptcy-related fiduciary duty can only arise in a bankruptcy case. Thus, Carter's "fiduciary claims against [the fiduciaries] are within the bankruptcy jurisdiction defined by 28 U.S.C. § 1334(b) both as 'arising under' the Code and 'arising in' a bankruptcy case." Schechter v. Illinois (In re Markos Gurnee Partnerships), 182 B.R. 211, 222 (Bankr. N. D. Ill. 1995); see In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999).

**D. The § 959 Exception**

Finally, Carter asserts that he should be permitted to file his lawsuit in the district court without first obtaining leave from the bankruptcy court pursuant to section 959's statutory exception to the Barton doctrine. Section 959 provides for a limited exception to the Barton doctrine, permitting suits against "[t]rustees, receivers or managers of any property . . . without leave of the court appointing them, with respect to any of their acts or transactions in carrying on the business connected with such property." 28 U.S.C. § 959(a). However, we note that the "carrying on business" exception in section 959 is limited and not applicable here.

The "carrying on business" exception in section 959(a) is intended to "permit actions redressing torts committed in furtherance of the debtor's business,

9

such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." Lehal Realty Assocs., 101 F.3d at 276. Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate. See id. ("[Section] 959 does not apply where, as here, a trustee . . . perform[s] administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate."); DeLorean Motor Co., 991 F.2d at 1241 ("Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted.") (citations omitted).

Carter's action against the Defendants was for breach of fiduciary duty and involves the Defendants' duties as they relate to the administration and liquidation of his estate. Because the alleged breaches attributed to Defendants are not premised on an act or transaction of a fiduciary in carrying out Carter's business operations, section 959(a) is not applicable. Therefore, Carter must obtain leave of the bankruptcy court in order to sue Defendants in a forum other than the appointing court. See Kashani, 190 B.R. at 884 ("[B]reach of a fiduciary duty in the administration of the estate does not fall within the exception provided by 28 U.S.C. § 959(a)."); Mangren v. Bartlett (In re Balboa Improvements Ltd.), 99 B.R.

10

966, 970 (B.A.P. 9th Cir. 1989) ("[S]ection [989] was not intended to apply to a breach of fiduciary duty in the administration of a bankruptcy estate.").

### III. CONCLUSION

Plaintiff Carter failed to obtain leave from the bankruptcy court when such leave was a pre-requisite to filing this civil action against the Defendants outside of that court. Therefore, the district court lacked subject matter jurisdiction and properly dismissed this civil action against these Defendants.

**AFFIRMED**.